UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
AKEEM KELLY,

              Plaintiff,

          -against-

SGT. SAIDA WALI,
C.O. JOSEPH SULLIVAN,
C.O. BRIAN ALBERT and
C.O. MICHELLE HALL,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

        Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was an incarcerated individual in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Plaintiff was housed at Fishkill Correctional Facility (Fishkill), in Fishkill, NY.

4. That at all times herein mentioned, Defendant Sgt. Saida Wali (Wali) was a correction sergeant employed by DOCCS at Fishkill.

5. That at all times herein mentioned, Wali was acting within the course and scope of her employment as a DOCCS correction sergeant.

6. That at all times herein mentioned, Wali was acting under color of state law.

7.  That at all times herein mentioned, Defendant C.O. Joseph Sullivan (Sullivan) was a correction officer employed by DOCCS at Fishkill.

8.  That at all times herein mentioned, Sullivan was acting within the course and scope of his employment as a DOCCS correction officer.

9.  That at all times herein mentioned, Sullivan was acting under color of state law.

10.  That at all times herein mentioned, Defendant C.O. Brian Albert (Albert) was a correction officer employed by DOCCS at Fishkill.

11.  That at all times herein mentioned, Albert was acting within the course and scope of his employment as a DOCCS correction officer.

12.  That at all times herein mentioned, Albert was acting under color of state law.

13.  That at all times herein mentioned, Defendant C.O. Michelle Hall (Hall) was a correction officer employed by DOCCS at Fishkill.

14.  That at all times herein mentioned, Hall was acting within the course and scope of her employment as a DOCCS correction officer.

15.  That at all times herein mentioned, Hall was acting under color of state law.

16.  That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

17. That venue is proper in the Southern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

18. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

19. On October 19, 2023, inside the 7 Dorm of the 21A Building of Fishkill, Plaintiff was physically attacked by another incarcerated individual.

20. In response to this incident, several officers appeared on the scene and used force not only against Plaintiff's assailant, but also against Plaintiff.

21. The force used against Plaintiff was excessive, unjustified, and unnecessary.

22. The force used against Plaintiff was sadistic and malicious, and not undertaken in a good-faith attempt to maintain or restore order.

23. Sgt. Wali observed the aforementioned force being used against Plaintiff by correction officers, had reasonable opportunities to intervene to prevent and/or stop that use of force, but intentionally and deliberately failed and refused to intervene.

24. C.O. Sullivan was among those officers who use force against Plaintiff.

25. Sullivan's use of force against Plaintiff included, but was not limited to, slamming Plaintiff against a window and discharging chemical spray at Plaintiff after Plaintiff already was in handcuffs and not posing any threat.

26. Following Sullivan's unjustified use of force against Plaintiff, Wali directed officers, including C.O. Albert, to bring Plaintiff to the Fishkill medical unit.

27. Wali then accompanied and supervised the officers in their escort of Plaintiff to the medical unit.

28. During the escort, the officers, including Albert, used additional force against Plaintiff that was excessive, unjustified, and unnecessary.

29. The additional force used against Plaintiff during the escort was sadistic and malicious, and not undertaken in a good-faith attempt to maintain or restore order.

30. The additional use of force against Plaintiff during the escort included, but was not limited to, physically dragging Plaintiff, kicking Plaintiff multiple times in the midsection, and discharging additional chemical spray at Plaintiff, all while Plaintiff remained in handcuffs.

31. Wali observed this additional force being used against Plaintiff, had reasonable opportunities to intervene to prevent and/or stop that use of force, but intentionally and deliberately failed and refused to intervene.

32. When Sullivan and Albert were not using force against Plaintiff, they observed malicious and sadistic force being used against Plaintiff by other officers, had reasonable opportunities to intervene to prevent and/or stop those uses of force, but intentionally and deliberately failed and refused to intervene.

33. C.O. Hall also observed portions of the aforementioned force being used against Plaintiff, had reasonable opportunities to intervene to prevent and/or stop that use of force, but intentionally and deliberately failed to intervene.

34. Subsequent to these use-of-force incidents, and in an attempt to cover up their malfeasance in connection with the force used against Plaintiff, Wali and Sullivan issued Inmate Misbehavior Reports to Plaintiff, falsely charging Plaintiff with various rules violations, including but not limited to assault on staff, violent conduct, and disobedience of orders.

35. On November 6, 2023, following an administrative hearing, Plaintiff was found "Not Guilty" of all charges brought against him by Wali and Sullivan.

36. The aforementioned actions by Defendants were sadistic and malicious, and did not serve any legitimate penological interest.

37. As a result of the aforementioned uses of force, Plaintiff sustained severe emotional and physical injuries, including but not limited to a severe laceration to the arm, requiring multiple sutures, a pneumothorax, requiring the insertion of a chest tube, and multiple other injuries, all of which required hospitalization for approximately one week.

38. The aforementioned injuries also resulted in Plaintiff enduring pain and suffering and loss of enjoyment of life.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983: Eighth Amendment: Use of Excessive Force)

39. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

40. The aforementioned uses of excessive force by Sullivan, Albert, and the other officers violated rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

41. That as a result thereof, Plaintiff is entitled to recover damages from these Defendants pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983: Eighth Amendment: Failure to Intervene)

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. The aforementioned acts by Wali, Sullivan, Albert, and Hall in intentionally and deliberately failing and refusing to intervene to prevent and/or stop the illegal

conduct of their fellow staff members constituted a violation of rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

44.  That as a result thereof, Plaintiff is entitled to recover damages from these Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned causes of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
         May 16, 2025

                    Yours, etc.
                    Sivin, Miller & Roche LLP

By s/ *David Roche*
David Roche
Attorneys for Plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300